21370

The STATE, Respondent, v. Edgar Allen OWEN and Charles Edmund Owen, Appellants.

(274 S. E. (2d) 510)

*William B. Long, Jr.* of *Long, Black & Gaston,* Greenville, *Bruce E. Pashley,* Atlanta, Ga. and *James A. Nolan* of Madison Ga., *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

January 13, 1981.

LEWIS, Chief Justice:

Appellants Edgar Allen Owen and Charles Edmund Owen appeal from their conviction and sentence for possession of marijuana with intent to distribute. Edgar was thereafter sentenced to five (5) years, and Charles received a sentence of twenty (20) years as a third offender. They assign error under eleven (11) exceptions which, it is argued in appellants' brief, pose as many questions for decision. However, we find that the questions which warrant discussion are much less in number.

The basic issue involves the sufficiency of the affidavit to show probable cause for the issuance of the search warrant

under which the officers searched the premises of appellant Edgar Owen and seized over one thousand (1000) pounds of marijuana. Appellants contend that the trial judge erroneously denied their pretrial motion to suppress the evidence obtained under the search warrant in question.

The challenged search warrant was issued on the affidavit of a deputy sheriff of Pickens County, South Carolina, and was based partly on information obtained from his investigation and partly on information received by phone from the Sheriff of Oglethorpe County, Georgia, who was investigating the illegal activities of appellants and others. The information given by the Sheriff was based partly upon his investigation and partly from that given to him by a named informant.

Appellants argue that the affidavit upon which the search warrant was issued was insufficient to show that the affiant's informant was reliable and failed to state whether the information was based on personal knowledge, hearsay or supposition.

The principles are well settled that a search warrant may issue only upon a finding of probable cause; and that, in passing upon the validity of the warrant, a reviewing court may consider only information brought to the magistrate's attention, which, in this case, was set forth in the supporting affidavit.

In order to comply with constitutional standards, the affidavit must state sufficient facts to form the basis of a judgment by the issuing officer that probable cause exists. Where the affidavit is based upon an informant's statement, it must set forth facts which show that the informant is reliable and the underlying factual circumstances which support the accuracy of the informant's information. *State v. York,* 250 S. C. 30, 156 S. E. (2d) 326; *State v. Williams,* 262 S. C. 186, 203 S. E. (2d) 436; *State*

*v. Sullivan,* 267 S. C. 610, 230 S. E. (2d) 621; *State v. Hammond,* 270 S. C. 347, 242 S. E. (2d) 411. As stated in *Aguilar v. Texas,* 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. (2d) 723 (as quoted in *State v. Williams, supra*): ". . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . ., was 'credible' or his information 'reliable'."

The search warrant was issued for the search of property belonging to appellant Edgar Owen, located near Pickens, South Carolina; and the property sought was "marijuana and other related drugs." The reasons set forth in the affidavit for affiants belief that the property sought was on the premises of appellant Edgar Owen, were as follows:

The affiant talked with Sheriff Gene Smith, of Oglethorpe County Ga., on 10-12-79 at 11:30 p. m. Sheriff Smith said he had under arrest one Gerald Owen, brother of Howard Owen, for violation of Ga. Controlled Substance. He stated that he had also talked with Sherman Scott Owen, son of Howard Owen. Sherman Scott Owen stated that his father Howard Owen was driving a U-Haul truck that had a front like a pickup truck, and a big square box shape back, with Florida License AB8 511, and that the truck was loaded with marijuana. Sheriff Smith said that Gerald Owen, Howard Owen, and Charles Berry had loaded the truck with black trash bags, filled with marijuana into the truck. The marijuana had been packed into the bags with a trash compacter. Sheriff Smith stated that he had confiscated the trash compacter, which had marijuana residue in it. Sheriff Smith stated that Howard Owen was going to Six Mile, S. C. to the residence of Edgar Owen, telephone No. 803-868-2902. Further investigation of telephone number shows

that it is listed to that residence of Edgar Owen, highway 183 W. of Pickens. Sheriff Smith stated that Howard Owen left Ga. at app. 9:00 PM 10-12-79, and that his office had subjects under surveillance since 10-10-79 app. 5:30 p.m. Further investigation by the affiant shows the said truck to be in the yard of Edgar Owen.

The affidavit shows that affiant's information came partly from the Georgia Sheriff who was conducting an investigation into illegal drug activities in which appellant Edgar Owen was apparently involved. The information given by the Sheriff was sufficient to sustain a reasonable belief that there was marijuana on the premises of appellant Edgar Owen in South Carolina. The Sheriff and his officers had the alleged driver of the truck under surveillance for two days. As a result, he had arrested Gerald Owen, the brother of the alleged truck driver, for violation of Georgia drug laws. The named informer was the son of the alleged driver of the marijuana loaded truck. The loading of the truck and a description of the truck, with license number, was given. The trash compacter, used in packing the marijuana, had been confiscated by the Sheriff and found to contain marijuana residue.

The status of the Sheriff's informer (son of the alleged driver of the marijuana laden truck) showed a capacity and relationship which would prompt belief in his opportunity to know the facts and in the reliability of his information; the information given by the informer implicated his own father in a serious crime.

In addition, material portions of the information given to the Sheriff were independently corroborated by him and the affiant. Most significantly, the truck described by the Georgia Sheriff was observed, a few hours after the Sheriff reported its departure from Georgia, on the premises of appellant Edgar Owen in South Carolina, as predicted by the Sheriff.

Irrespective however, the affiant, a Deputy Sheriff in South Carolina, properly relied upon the credibility of the information reported to him by the Sheriff in Georgia in the performance of the latter's duties. *U. S. v. Ventresca,* 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. (2d) 684; *State v. Ellington,* 284 N. C. 198, 200 S. E. (2d) 177; *U. S. v. Harrick,* 582 F. (2d) 329; *U. S. v. Welebir,* 498 F. (2d) 346; *U. S. v. McCoy,* 478 F. (2d) 176; *State v. Sullivan,* 267 S. C. 610, 230 S. E. (2d) 621.

The affidavit in question was clearly sufficient to sustain a finding of probable cause for the issuance of the warrant in question.

Appellants further contend that the trial judge was in error in denying their motions for directed verdicts. It is argued that there was no evidence to show that either appellant had possession of marijuana.

There was testimony that appellant Edgar Owen was the owner of the premises where the marijuana was found. When the officers surrounded the house, three men came out onto the porch. One of the individuals ran and avoided apprehension. However, appellants were captured on the back porch. The U-Haul truck, in which presumably the marijuana was transported, was parked on the premises of appellant Edgar Owen, in close proximity to his home. The marijuana was found about 2:30 a. m., a distance of 22 feet from the rear of the truck. There were tracks visible in the dew from the rear of the truck to the point where the marijuana was found, indicating recent activity. Marijuana debris was found in the rear of the truck; three marijuana cigarettes were found in the living room of the Edgar Owens home; and a bag of marijuana was found in the refrigerator.

Possession may be either actual or constructive. The foregoing evidence establishes the dominion and control of Edgar Owen over the marijuana by virtue of his ownership and

control of the premises upon which it was found. *State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408.

It was contended, however, that the evidence only places appellant Charles Owen present on the premises as a visitor and is insufficient to establish his dominion and control over the marijuana or the right to control it, relying upon *State v. Brown*, 267 S. C. 311, 227 S. E. (2d) 674. This case differs from *Brown* in that here proof of presence was coupled with other facts and circumstances which presented a jury issue as to whether appellant Charles Owen was guilty of possession.

Appellants are brothers. Charles arrived at the home of Edgar about eleven o'clock, p. m., and the marijuana was found about 2:30 a. m. on the same night. The tracks in the dew, leading to the marijuana and the condition of the marijuana indicated that it had been recently unloaded from the truck. There was marijuana found in the living room, in the form of three hand rolled cigarettes lying on a table. The house had been under surveillance for approximately one hour and a half prior to the search and the position of the U-Haul truck was moved during that time; the house lights were on and both appellants were fully dressed at the time of the search at 2:30 in the morning. When the house was surrounded, appellants and one other came on to the porch. Appellants were apprehended immediately but the other person ran.

The foregoing circumstances give rise to an inference that appellant Charles Owen was on more than an innocent visit to the home of his brother. When marijuana cigarettes were found, lying on the living room table, a U-Haul truck is moved from one location in the yard to another in order to unload a quantity of marijuana, the occupants of the premises were fully clothed at 2:30 in the morning, and one of the party coming from the house, along with appellants, seeing the officers, runs to avoid apprehension, certainly it is

reasonably inferable that both of the appellants knew of the illegal activities taking place around them and participated therein. The evidence clearly presented a question for the jury on the issue of possession of marijuana by both appellants.

We additionally note appellants challenge to their respective sentences upon the grounds that (1) the sentences amounted to cruel and unusual punishment and (2) appellant Charles Owen was erroneously sentenced as a third offender when his second offense was still under appeal. These questions were not presented in the lower court and, hence, can not be raised on appeal. *Cummings v. State,* 274 S. C. 26, 260 S. E. (2d) 187.

The remaining exceptions concern (1) rulings on the admissibility of evidence, (2) the denial of motions for a continuance, (3) amendment of the indictment, and (4) alleged error in the charge. These exceptions have been considered and are affirmed under Supreme Court Rule 23 because no error appears and a full discussion would be of no precedential value.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.