## State of Connecticut *v.* Paul E. Daley
### (10939)

Peters, Healey, Parskey, Shea and Grillo, Js.

Argued February 3—decision released April 19, 1983

*C. Robert Satti,* state's attorney, with whom were *Michael L. Regan* and, on the brief, *Stuart M. Schimelman,* assistant state's attorneys, for the appellant (state).

*Kenneth Rosenthal,* assistant public defender, with whom, on the brief, was *Jerrold H. Barnett,* public defender, for the appellee (defendant).

Shea, J. With the permission of the trial court as provided in General Statutes § 54-96, the state has appealed from a judgment (*Hendel, J.*) dismissing with prejudice an information charging

the defendant with burglary in the third degree in violation of General Statutes § 53a-103 and larceny in the first degree in violation of General Statutes § 53a-122. The defendant had moved for the dismissal on the ground that the warrant ordering his arrest (*Noren, J.*) had been issued without probable cause. See *State* v. *Licari*, 153 Conn. 127, 214 A.2d 900 (1965). The state claims that the trial court erred (1) in concluding that the affidavit accompanying the application for the arrest warrant was insufficient to establish probable cause; and (2) in dismissing the information with prejudice, and thereby barring any further prosecution for the same offenses.[1] As we find error upon the first ground advanced by the state, we shall not discuss the second.

The affidavit submitted in support of the application for the arrest warrant was made by the investigating police officer, Raymond Chabotte, of the Norwich police department. It recited that on April 13, 1981, at about 12:15 p.m., Officer Frank Gavigan received a complaint from the owner of a store in Norwich that the store had been burglarized and that $275 in cash as well as rings, bracelets, broaches, two pocketbooks, and two cartons of cigarettes had been removed. The total

---

[1] Practice Book § 819 provides as follows: "If the judicial authority grants a motion to dismiss, he shall specify whether the dismissal is with or without prejudice. If the dismissal is with prejudice, the defendant shall be released, and the prosecuting authority may, where he is entitled by law, appeal the dismissal in the same manner and to the same effect as appeals from final judgments in criminal prosecutions. If the dismissal is without prejudice, the defendant shall be released, but the dismissal shall not be a bar to further prosecution for the same offense or offenses."

The trial court rendered the judgment of dismissal with prejudice prior to our decision in *State* v. *Ross*, 189 Conn. 42, 51, 454 A.2d 266 (1983), where we indicated that a judgment of dismissal with prejudice is fully dispositive of a prosecution.

value of the missing items was $2575. One carton was identified as containing Newport cigarettes with number 1A stamped on the carton and tax number 42573 on the cigarette packs. The other was a carton of Marlboro cigarettes with number 3111 on the carton and, again, tax number 42573 on the cigarette packs. Gavigan's investigation revealed that entry into the store had been gained by forcing open first a door into the building and then another door into the store.

The complainant told Gavigan that the defendant, whom she considered a good friend, and one Patrick Kennedy had been inside the store on numerous occasions and were familiar with the building and the location of items kept there. The complainant also said that on April 11, 1981, at about 5 p.m. she had closed and secured the store for the weekend and that she had discovered the burglary on April 13, 1981, at noon when she returned to open the store.

On April 13, 1981, at about 9:45 a.m., two and one-half hours before the burglary complaint was received, three Norwich police officers, including the affiant, interviewed one Stephen Presley, who told them that he had been awakened in his apartment at 5 a.m. that morning by his roommate, Patrick Kennedy, and a friend, the defendant Paul Daley, who had in their possession a couple of handbags which they emptied onto the kitchen table. Presley said that he observed about $300 in cash, various gold and silver rings and other jewelry, as well as a carton of Newport and a carton of Marlboro cigarettes. Presley said that Kennedy and Daley had not told him where they had obtained these items.

Less than an hour after the burglary complaint was received, Presley was again interviewed. During the interview at his apartment, Presley repeated his previous account concerning the contents of the handbags which Kennedy and Daley had spread upon the table and he also handed the officers two cartons of cigarettes, one Marlboro and one Newport, bearing identification numbers identical to those previously reported by the complainant.

The trial court concluded that the affidavit contained no information indicating the reliability of the informant, Presley, and that his unverified statements concerning the involvement of the defendant, Daley, in the theft were insufficient to support a finding of probable cause. We disagree.

It is well established that probable cause to arrest exists if: "(1) there is probable cause to believe a crime has been committed; and (2) there is probable cause to believe that the person to be arrested committed that crime." *State* v. *DeChamplain,* 179 Conn. 522, 529, 427 A.2d 1338 (1980); 1 LaFave, Search and Seizure (1978) § 3.7; Practice Book § 593. As the defendant concedes, the affidavit unquestionably was sufficient to satisfy the first of these requirements. It was only with respect to the second requirement that the trial court found any deficiency.

In *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), the so-called "two-pronged test" of the reliability of an affidavit based upon hearsay information was established: (1) "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that [the facts were as he stated them] and [(2)] some of the underlying circumstances from

which the officer concluded that the informant . . . was 'credible' or his information 'reliable.'" Id., 114. The affidavit in this case satisfies the first prong of this test because it discloses that the information furnished by the informant was based upon his personal observation. The defendant does not contend otherwise. His claim is that the affidavit contains no underlying facts justifying a conclusion that the informant was reliable in respect to his statement that the defendant and Kennedy had been in possession of recently stolen goods.

Although the affidavit does not contain the usual recital of past experience with the informant to support his reliability, there are sufficient other indicia. The police had verified the accuracy of the informant's detailed description of the property taken in the theft with the account later given by the complainant and by actually receiving from the informant at his apartment the two cigarette cartons which were identifiable by the numbers stamped on them and their contents. Where many significant portions of a statement of an informant have been verified from independent reliable sources, it may be reasonable to infer the accuracy of the remainder. *State* v. *Ferguson,* 185 Conn. 104, 113, 440 A.2d 841 (1981); *State* v. *Jackson,* 162 Conn. 440, 447, 294 A.2d 517, cert. denied, 409 U.S. 870, 93 S. Ct. 198, 34 L. Ed. 2d 121 (1972); see *Whiteley* v. *Warden,* 401 U.S. 560, 567, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971); *Spinelli* v. *United States,* 393 U.S. 410, 417–18, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969); *Draper* v. *United States,* 358 U.S. 307, 309–10, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959).

A frequent situation in which the police are compelled to rely upon a previously unknown informant

is where he has confessed to his own participation in a crime and implicated his comrades. The occasion for such candor is commonly his own apprehension or accusation by the police. Although the informant's motivation is often no loftier than a hope for leniency, it is thought "that one who knows the police are already in a position to charge him with a serious crime will not lightly undertake to divert the police down blind alleys." 1 LaFave, Search and Seizure § 3.3, p. 528. Courts have generally subscribed to the view that admissions against penal interest by an informant "carry their own indicia of credibility—sufficient at least to support a finding of probable cause." *United States* v. *Harris,* 403 U.S. 573, 583, 91 S. Ct. 2075, 29 L. Ed. 2d 723 (1971); 1 LaFave, Search and Seizure § 3.3, p. 523. This principle has been applied by this court to find adequate verification of the reliability of an informant's naming of other participants in a crime where at least some significant details of his account of the crime itself have been corroborated independently, as in this case. *State* v. *Just,* 185 Conn. 339, 360–69, 441 A.2d 98 (1981); *State* v. *Jackson,* supra, 450; see *State* v. *Ferguson,* supra, 114–15.

Although the statements of Presley to the police both before and after the complaint of the crime was received did not necessarily involve him in the crime, like a classic statement against penal interest, we find that the circumstances under which they were given provide no less support for his trustworthiness and the reliability of the information he furnished. "[T]he possession of property recently stolen, if unexplained and standing alone or without other facts pointing to a contrary con-

clusion, will justify the trier in drawing an inference that the possessor stole the property, and the inference may be sufficiently strong to warrant a conviction of a charge of theft." *State* v. *Palkimas,* 153 Conn. 555, 558–59, 219 A.2d 220 (1966); *State* v. *Donnelly,* 124 Conn. 661, 663, 2 A.2d 214 (1938). The fact that Presley had in his apartment some of the stolen property which he turned over to the police was a basis for his own prosecution for the crimes involved, either as a receiver or as a thief. It is reasonable to infer that Presley realized that the information he supplied could be used against him. The fact that he did not admit his own involvement in the crime is not critical. There is no reason to view the credibility of a self-confessed criminal more favorably than that of a person who has, for no ulterior reason which appears, pointed the finger of suspicion at himself by supplying information which might well lead to his own accusation. People do not lightly place critical evidence in the hands of the police which may result in their own involvement. See *United States* v. *Harris,* supra, 583.

The circumstances disclosed by the affidavit support at least two reasonable inferences, either of which would attest Presley's reliability: (1) that he was not involved in the theft and had informed the police of his observations as a good citizen or because of his concern that, if the stolen property was discovered in the apartment which he occupied with Kennedy, he might be accused of the crime; or (2) that he was a participant in the crime and was seeking to avoid suspicion by coming forward with information the police would probably obtain at some time. Under the first inference Presley would qualify as a "citizen-informer" who is more deserving of belief than the typical informant from

a criminal mileu. 1 LaFave, Search and Seizure § 3.3, p. 499; *United States* v. *Harris*, supra, 599 (Harlan, J., dissenting). *United States* v. *Rollins*, 522 F.2d 160, 164 (2d Cir. 1975), cert. denied, 424 U.S. 918, 96 S. Ct. 1122, 47 L. Ed. 2d 324 (1976). "It is generally agreed . . . that a comparable showing is not needed to establish veracity when the information comes from an average citizen who is in a position to supply information by virtue of having been a crime victim or a witness." 1 LaFave, Search and Seizure § 3.4, p. 587; see *Jaben* v. *United States*, 381 U.S. 214, 85 S. Ct. 1365, 14 L. Ed. 2d 345 (1965). Under the second inference, criminal involvement of Presley, he would be in the position of the usual informant who names his accomplices in order to mitigate his own culpability or to curry favor with the police. Such circumstances, of course, present the classic situation of an admission against penal interest which has been recognized as a significant mark of reliability. *United States* v. *Viggiano*, 433 F.2d 716, 718 (2d Cir. 1970), cert. denied, 401 U.S. 938, 91 S. Ct. 934, 28 L. Ed. 2d 219 (1971); *State* v. *Ferguson*, supra, 114–15; *State* v. *Jackson*, supra, 451–52.

There are other features of the affidavit which afford additional verification of the reliability of the informant. The fact that Presley gave his information before the police learned of the theft is highly significant. His story could not have been tailored to fit some widely known account of a crime. *Spinelli* v. *United States*, 393 U.S. 410, 416, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969); *United States* v. *Montgomery*, 554 F.2d 754, 758 (5th Cir. 1977);

*Harrelson* v. *State,* 516 P.2d 390, 394 (Alaska 1973). Since he gave his account before the crime was discovered Presley had no reason to be sure that his information would be of value to the police and that he could thus gain their favor. See *Comi* v. *State,* 26 Md. App. 511, 516–17, 338 A.2d 918 (1975). Moreover, the affidavit named Presley, in contrast to the common practice of referring to an anonymous informant, thereby exposing him to public view; see *United States* v. *Rollins,* supra, 164; *State* v. *Jackson,* supra, 451; *Woods* v. *State,* 533 S.W.2d 16, 19–20 (Tex. Crim. App. 1976); and to possible criminal and civil liability should his allegations prove false. *People* v. *Hicks,* 38 N.Y.2d 90, 93–95, 378 N.Y.S.2d 660 (1975); *State* v. *Montigue,* 288 Ore. 359, 367, 605 P.2d 656, cert. denied, 449 U.S. 846, 101 S. Ct. 131, 66 L. Ed. 2d 56 (1980). The account which he gave to the officers when they interviewed him again, following receipt of the complaint, was wholly consistent with his first narrative. *State* v. *Jackson,* supra, 450. It is also of some significance that the complainant was acquainted with both the defendant and Kennedy, the same persons named by Presley, and had mentioned that they were familiar with the store and building, thus suggesting them as possible suspects.

We have concluded that the affidavit submitted with the application for the arrest warrant contained sufficient indicia of the trustworthiness of the informant and of the reliability of the information he supplied. No claim has been made that it is deficient in any other respect or that the facts stated therein would not support a finding of probable cause to believe that the defendant had committed a crime.

There is error, the judgment of dismissal is vacated and the case is remanded for further proceedings.

In this opinion the other judges concurred.