[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
Defendants have moved to suppress certain evidence obtained by members of the Connecticut State Police when they executed a search and seizure warrant at the house occupied by defendants on the ground that the affidavit in support of the warrant application filed to establish probable cause for the search.
In evaluating this claim, the court must assess whether the affidavit presented "a substantial factual basis upon which the magistrate could conclude that probable cause existed." State v. Barton, 219 Conn. 529,552 (1991). The affidavit presented to the magistrate contained information which the officer-affiants had obtained from a written and oral statement of the fourteen year old son of one of the occupants of the premises. The young man stated that while visiting the premises he had seen marijuana plants hanging from the ceiling in a room in the house and that he knew it was marijuana because he had seen marijuana hanging inside the house and some still growing in a field behind the house.
The issue is whether, given all of the circumstances set out in the CT Page 2294 affidavit, there was probable cause to believe that marijuana would be found in the place to be searched. State v. Barton, 219 Conn. at 548. Since the named informant's basis of knowledge, i.e. observation, is set out in the affidavit, the narrower inquiry is whether, under the totality of the circumstances, the inference that the informant was reliable could also be drawn. While this court might have declined to draw an inference that the informant was reliable without some corroboration by the police, that is not the test to be applied here. Given the preference to be accorded to warrants in doubtful or marginal cases, State v. Barton,219 Conn. 529, 552 (1991), deference is to be afforded the magistrate's determination. State v. Johnson, 219 Conn. 557, 565 (1991). Our courts have acknowledged that information supplied by a "good citizen" based on observation supports a reasonable inference of reliability. See State v. Daley, 189 Conn. 717, 723-724 (1983). While defendants make much of the age of the named informant, admittedly under age 16, the fact remains that he was willing to make a statement in writing to the police implicating his mother in criminal activity. The magistrate was entitled to draw the inference from all the circumstances and facts recited in the affidavit that the named informant was reliable. Thus, the affidavit provided probable cause to believe that the items sought in the warrant would be found on the premises to be searched. State v. Barton, supra. The motions, therefore, are denied.
SUSCO, JUDGE