2297

The STATE, Respondent v. James T. PHILPOT, Appellant.

(454 S.E. (2d) 905)

Court of Appeals

*Hal J. Warlick* and *Sheryl Sauls,* both of *Warlick Law Office,* Easley, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Norman Mark Rapoport,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Nov. 2, 1994.

Decided Jan. 30 1995.

SHAW, Judge:

James Philpot was convicted of manufacture of marijuana and possession of marijuana. He appeals his conviction based

upon (1) the trial court's refusal of his motion to suppress the evidence gathered in the search of his home, and (2) the court's refusal to require the prosecution to turn over to the defense a written statement of a confidential informant. We reverse.

On March 29, 1993, Officer Garry Bryant of the Pickens County Sheriff's Department signed an affidavit to obtain a search warrant for marijuana and marijuana paraphernalia at the residence of the appellant. The affidavit contained the following statement:

> Within the past 72 hours, a confidential informant has seen a quantity of marijuana in the residence to be searched. Also in the past, agents with the Special Operations Div. of the Pickens County Sheriff's Office have received information the [sic] one of the persons who lives at the residence, Jim Philpot, is involved in illicit drug activity.

The magistrate issued the search warrant. Officers of the sheriff's department executed the search warrant and seized evidence of marijuana seeds, two marijuana plants, a partially smoked marijuana cigarette and a set of scales.

Prior to trial, Philpot's counsel moved to suppress the evidence seized during the search because the name of the confidential informant had not been disclosed and the affidavit for the search warrant was devoid of information as to the informant's reliability. The court denied the motion. During cross-examination, defense counsel asked Officer Bryant whether he told the magistrate "why this informant was supposedly dependable and reliable." Officer Bryant replied, "I presented him with a statement from the informant." Defense counsel moved for the production of the statement pursuant to his Brady motion. The court examined the statement and ruled there was nothing in it which would assist the defense and denied the motion to produce.

Philpot asserts the court erred in failing to suppress evidence seized during the search of his home because the search warrant was not supported by probable cause. Specifically, Philpot attacks the failure of the affidavit to address the veracity of the confidential informant. We find the evidence seized during the search should have been excluded.

The task of a magistrate when determining whether to issue a warrant is to make a practical, common sense decision as to whether, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place. *State v. Adolphe*, 314 S.C. 89, 441 S.E. (2d) 832 (Ct. App. 1994). This decision includes consideration of the veracity of the person supplying the information and the basis of his or her knowledge. *Id.* The affidavit must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause. Mere conclusory statements which give the magistrate no basis to make a judgment regarding probable cause are insufficient. *State v. Smith*, 301 S.C. 371, 392 S.E. (2d) 182 (1990). If the affidavit alone is insufficient to establish probable cause, it may be supplemented by sworn oral testimony before the magistrate. *State v. Johnson*, 302 S.C. 243, 395 S.E. (2d) 167 (1990). An appellate court reviewing the decision to issue the warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed. *Adolphe*, 314 S.C. 89, 441 S.E. (2d) 832.

We conclude the search warrant should not have been issued. The record indicates the magistrate had only the affidavit of Officer Bryant and the written statement of the confidential informant before him. We have reviewed both the affidavit and written statement and find absolutely no showing of the confidential informant's reliability. Also, Officer Bryant testifies at the pretrial suppression hearing that the magistrate had no information regarding the reliability of the informant thus making a remand unnecessary for a hearing under *State v. Johnson*. We therefore find no substantial basis for the magistrate to conclude probable cause existed. Accordingly, the evidence obtained as a result of the search warrant was inadmissible.

In view of our holding, it is not necessary to address the other issue of whether the trial judge erred in refusing to require the prosecution to turn over to the defense the written statement of the confidential informant.

Reversed.

HOWELL, C.J., and GOOLSBY, J., concur.