2529

The STATE, Respondent v. James Tyrone BELLAMY, Appellant.

(473 S.E. (2d) 838)

Court of Appeals

*Ronald W. Hazzard,* Myrtle Beach, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott* and *Assistant Attorney General G. Robert DeLoach, III,* Columbia; and *Solicitor Ralph J. Wilson,* Conway, *for respondent.*

Heard June 5, 1996.

Decided July 1, 1996; Reh. Den. Aug. 22, 1996.

GOOLSBY, Judge:

James Tyrone Bellamy appeals his conviction for possession of crack cocaine with intent to distribute. Bellamy claims the trial court erred in admitting evidence seized in the execution of a search warrant that he contends was issued without probable cause.[1] We affirm.

In June, 1993, the Chief of Police of the town of Atlantic Beach in Horry County requested assistance from the State Law Enforcement Division (SLED) in investigating a burglary at the Atlantic Beach Police Department in which several guns were stolen. Sometime later, Chief Davis Allen notified SLED that Luther Stanley had contacted him about the missing weapons. SLED Agent Joseph Vaught interviewed Stanley. Based on this interview, Agent Vaught presented his affidavit to a magistrate to obtain a search warrant for an apartment in Atlantic Beach.

After first providing a detailed description of the premises to be searched that included directions to the premises, a description of the actual building, and specific instructions regarding how to find the particular apartment unit belonging to Gause, Agent Vaught stated in his affidavit:

> At 1420 hours, July 08, 1993, Luthor Spencer Stanley, after being advised of his rights, stated that during [sic] the early morning hours of July 08, 1993, Stanley ob-

---

[1] The State does not question Bellamy's standing to object to the admission of the evidence seized during the search of Lamont Gause's apartment. *See State v. McKnight,* 291 S.C. 110, 352 S.E. (2d) 471 (1987) (wherein the supreme court noted that a defendant may not challenge the legitimacy of a search unless the search violates his constitutional rights because he has a legitimate expectation of privacy in the premises searched).

served Lamont Gause fire two shots from a 25 mm [sic] pistol while standing outside the above described premises. [A]ccording to Stanley, he then observed Gause immediately take the 25 mm [sic] pistol inside the premises and left it. Stanley further stated that on July 06, 1993, he observed Lamont Gause take a 38 cal pistol and a 22 cal Derringer into the above described premises. These three weapons are the same description [sic] as weapons stolen from the Atlantic Beach Police department located in Atlantic Beach, S.C. on or about June 23, 1993. Stanley further stated that cocaine is usually kept in above residence, inside the refrigerator or the microwave oven.

The magistrate issued the search warrant and Agent Vaught and local police officers executed it on July 8, 1993. Numerous people, including Bellamy, were in the apartment when the police conducted the search. The officers recovered marijuana, crack cocaine, and two weapons. As a result, the police arrested Bellamy. He subsequently signed a statement admitting he owned the crack cocaine found in the apartment.

At trial, Bellamy moved to suppress the evidence that the officers had seized when executing the search warrant. Bellamy argued Agent Vaught's affidavit was insufficient to support the search warrant because Agent Vaught failed to establish the credibility of his informant.

The trial court denied Bellamy's motion, finding the specificity of Stanley's information and Agent Vaught's corroborative investigation supported a showing of probable cause. We agree with the trial court's decision.[2]

## DISCUSSION

The task of a magistrate when determining whether to issue a warrant is simply to make a practical, common sense decision as to whether, under the circumstances set forth in the affidavit, including the "veracity" and "basis of

---

[2] At the suppression hearing, the trial court based its decision, in part, on information not contained in the affidavit. We find, however, the affidavit standing alone provides sufficient indicia of credibility to support a finding of probable cause. *See Arnold*, — S.C —, 460 S.E. (2d) 403 (Ct. App. 1995) (this appellate court upheld the validity of a search warrant despite a finding that the trial judge erred in considering information not set forth in the affidavit).

knowledge" of persons supplying hearsay information, there is a fair probability that evidence of a crime will be found in a particular place. *State v. Johnson*, 302 S.C. 243, 247, 395 S.E. (2d) 167, 169 (1990). The magistrate should determine probable cause based on all of the information available to the magistrate at the time the warrant is issued. *State v. Bultron*, — S.C. —, 457 S.E. (2d) 616 (Ct. App. 1995). Upon review, an appellate court's task is to decide whether the magistrate had substantial basis for concluding probable cause existed. *State v. Arnold*, 460 S.E. (2d) at 405. A reviewing court should give great deference to a magistrate's determination of probable cause. *State v. Crane*, 296 S.C. 336, 372 S.E. (2d) 587 (1988).

Bellamy, citing the recent cases of *State v. Adolphe*, 314 S.C. 89, 441 S.E. (2d) 832 (Ct. App. 1994) and *State v. Philpot*, — S.C. —, 454 S.E. (2d) 905 (Ct. App. 1995), argues the magistrate did not have sufficient indicia of the informant's reliability to find probable cause to issue the search warrant. We disagree. *Adolphe* and *Philpot* are distinguishable from the present case in that in *Adolphe* and *Philpot* the informants referred to in the affidavits were confidential and their information was far more general than the information Stanley provided.

Bellamy also relies on *State v. Johnson* wherein the supreme court found a search warrant affidavit was defective because insufficient information regarding the informant's credibility was given to the magistrate either in the affidavit itself or through supplemental testimony. *Johnson*, 302 S.C. at 304-05, 395 S.E. (2d) at 169-70. The *Johnson* court explained the informant's credibility had to have been based on any oral testimony made before the magistrate because the affidavit itself did not contain any corroborating information. *Id.* In contrast, Agent Vaught's affidavit did provide some corroborating evidence as well as other indicia of Stanley's reliability.

A determination regarding Stanley's credibility need not be based solely on whether Agent Vaught stated, either in the affidavit or by oral testimony, that Stanley was a reliable informant. *See Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed. (2d) 527, 543 (1983) (an informant's reliability and basis of knowledge are not "separate and independent requirements to be rigidly exacted in every case"). Furthermore, a deficiency in veracity may be

compensated for by a strong showing of basis of knowledge or by some other indicial of reliability. *Id.* While it is unclear whether Vaught made any oral statements to the magistrate to verify the informant's reliability, there are sufficient other indicators of Stanley's credibility.

First, an informant's detailed statement regarding his firsthand observations can provide the informant with "built in credibility" because, unlike a paid informant, an eyewitness does not have the opportunity to establish a record of previous reliability. *State v. Northness,* 20 Wash. App. 551, 582 P. (2d) 546, 549 (1978); *see also Saunders v. Commonwealth,* 218 Va. 294, 237 S.E. (2d) 150 (1977) (a magistrate may deem eyewitness information found in a search warrant's affidavit reliable because the affidavit is based on firsthand knowledge); *State v. Sullivan,* 267 S.C. 610, 614, 230 S.E. (2d) 621, 623 (1976) (acknowledging courts have distinguished between affidavits relying on eyewitness or victim informants and those relying on paid informants in that the former may be sufficient to establish probable cause even if the affidavits do not independently establish the credibility of the informant when other circumstances show the information is likely to be reliable).

Here, the affidavit before the magistrate described with particularity the caliber and type of weapons taken into the premises in question on two separate dates. The description was based upon the informant's firsthand observations and, as stated in Agent Vaught's affidavit, it matched the description of the "weapons stolen from the Atlantic Beach Police [D]epartment." *See State v. Viard,* 276 S.C. 147, 276 S.E. (2d) 531 (1981) (an informant's reliability can be established by independent investigative reports prior to the search even if the officer's own corroborating information is based on hearsay).

Second, a nonconfidential informant should be given a higher level of credibility because he exposes himself to public view and to possible civil and criminal liability should the information prove to be false. *State v. Daley,* 189 Conn. 717, 458 A. (2d) 1147 (1983). In *Daley,* a roommate of one of the men involved in the crime gave information to the police either to avoid being associated with the crime or to avoid suspicion before the police discovered his full involvement. Under either analysis, the Supreme Court of Connecti-

cut found it reasonable to infer that the informant's information was reliable.

As in *Daley*, the officers affidavit specifically named Stanley as the informant thereby subjecting him to possible liability if he gave the wrong information or if he was later accused of some association with the crime. Like the roommate in *Daley*, the fact that Stanley may have participated in the crime does not destroy his credibility. Thus, Stanley's status as a nonpaid, nonconfidential, eyewitness informant increases his credibility.

Third, the specificity of the informant's statements coupled with the absence of ulterior motives has been held sufficient to constitute reliability. *Sullivan*, 267 S.C. at 613, 230 S.E. (2d) at 624. In *Sullivan*, the apartment manager provided the police with specific details about the presence of drugs and drug paraphernalia in an apartment under her supervision. The informant's statement was credible because she provided detailed information and was not a paid informant.

In this case, Stanley gave Agent Vaught detailed information. First, he provided specific descriptions of the weapons he saw outside the premises, including the caliber and type of the weapons; and as a result of Stanley's tip, the police later found these same weapons on the premises. Second, he stated drugs would be found in the kitchen and named two possible hiding places within the kitchen. Third, Stanley not only gave Agent Vaught a detailed description of the residence, but he also provided Agent Vaught with explicit directions to the residence. Like the informant in *Sullivan*, Stanley was not a paid informant and, from all appearances, lacked any ulterior motives for giving the information to the police. In fact, Stanley may have acted against his own best interests because his detailed knowledge could have linked him to the crime.

We therefore hold that the affidavit, when viewed in a common sense and realistic fashion, provided the magistrate with enough reasonable inferences to verify the informant's credibility, thereby substantiating the magistrate's finding of probable cause and issuance of the search warrant.

Affirmed.

STILWELL, J., concurs.

CURETON, J., dissents in a separate opinion.

CURETON, Judge, dissenting:

Because I do not view the affidavit as sufficient, I must respectfully dissent. The State concedes that based on the record presented to us, the magistrate had only the affidavit of Agent Vaught before him when he found probable cause to issue the warrant.

The law is clear that if Stanley had been an unidentified informant, his reliability would have had to have been vouched for in some way. *State v. Johnson,* 302 S.C. 243, 395 S.E. (2d) 167 (1990). The majority concludes, however, that the act of naming Stanley as the informant in the affidavit serves to validate his reliability. I do not think that the naming of an informant, standing alone, does much to substantiate the credibility of the informant. Here, there is no indication Stanley was known to either Agent Vaught or the magistrate. Thus, from the standpoint of the issuing magistrate, the name John Doe would have been just as meaningful.

My research of South Carolina cases uncovered only one case where the name of the informant had been stated in the affidavit and was a consideration in the finding of probable cause to issue a search warrant. In *State v. Owen,* 275 S.C. 586, 274 S.E. (2d) 510 (1981), the named informant was the son of a participant in an interstate drug trafficking operation and had furnished local police, through a Georgia Sheriff, detailed information on the movement of a shipment of drugs. In addressing the reliability of the informant, the Court stated:

> The status of the Sheriff's informer (son of the alleged driver of the marijuana laden truck) showed a capacity and relationship which would prompt belief in his opportunity to know the facts and in the reliability of his information; the information given by the informer implicated his own father in a serious crime.

*Id.,* 275 S.C. at 590, 274 S.E. (2d) at 512.

Here, as a threshold matter, Vaught's affidavit gives no hint of Stanley's relationship to either Gause or the premises where he allegedly observed the presence of the stolen weapons. There is no indication he lived at the premises in question, or had been inside the premises. There is certainly

no basis stated in the affidavit for his knowledge of where cocaine would be found on the premises. Stanley did not indicate he had personally seen drugs on the premises.

The majority first holds the affidavit describes with particularity the caliber and type of weapons. I observe that the weapon, aside from the Derringer, are identified only by caliber. No other identifying features of the weapons are contained in the affidavit. Considering the general availability of weapons bearing these calibers, Vaught's statement that the three weapons met the description of the weapons stolen from the Atlantic Beach Police Department is conclusory. Likewise, the statement quoting Stanley as saying cocaine was usually kept on the premises is conclusory. Mere conclusory statements which give a magistrate no basis to make a judgment regarding probable cause are insufficient. *State v. Smith*, 301 S.C. 371, 373, 392 S.E (2d) 182, 183 (1990).

Secondly, the majority holds, and cites authority for the holding,[1] that a nonconfidential informant should be given a higher level of credibility than a confidential informant because he exposes himself to public view and possible civil and criminal liability should the information prove to be false. While that may be true to some extent, an argument can be just as forcibly made that an issuing magistrate should give more deference to the sworn statement of a police officer that a particular informant is known to him, has furnished reliable information in the past, and is therefore likely to be telling the truth presently, than to an informant who is unknown to both the magistrate and the police affiant, but for whatever reason has given his name to the police.

Thirdly, the majority concludes that Stanley's reliability is bolstered by the fact that he was not a paid informant and because he had no ulterior motive for making a statement to the police. I cannot discern either of these facts from the affidavit. The affidavit gives no indication of whether or not Stanley was paid. Likewise, no judgment can be made as to his motives. The affidavit states he was given his *Miranda* rights. A

---

[1] In the case of *State v. Daley*, 189 Conn. 717, 458 A. (2d) 1147 (1983), cited by the majority, the Court found that significant portions of the informant's statement had been verified from independent reliable sources and it was reasonable to infer the accuracy of the remainder of the statement for the purpose of finding probable cause.

logical inference to be drawn from this act is that the police somehow suspected his involvement in the crimes under investigation. Certainly, under these circumstances, Stanley is not entitled to the inference that he was a "citizen-informer" who is more deserving of belief than the typical "informer of the criminal milieu." 1 LaFave, *Search and Seizure* § 3.3 (2d ed. 1987).

I cannot say that the magistrate in this case was able to make a practical, common sense decision as to whether, under the totality of the circumstances as set forth in Vaught's affidavit, there was a fair probability that evidence of a crime would be found at the apartment searched. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. (2d) 527 (1983). Nevertheless, the law provides that when the affidavit alone is insufficient to establish probable cause, it may be supplemented by sworn oral testimony before the magistrate. *State v. Crane,* 296 S.C. 336, 372 S.E. (2d) 587 (1988); *State v. McKnight,* 291 S.C. 110, 352 S.E 92d) 471 (1987). Because there is an indication in the record that other evidence corroborating Stanley' statement may have been related to the issuing magistrate, I would remand for a *Johnson* hearing to determine what information, if any, was furnished to the magistrate in addition to the affidavit. The State argues this approach as an alternative disposition of the issue in this case. Moreover, the trial court's determination that the magistrate had probable cause to issue the warrant is premised on his belief that the affidavit was supplemented with other information furnished to the magistrate.