**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Chesnee Labri Mattress, Appellant.

Appellate Case No. 2020-000183

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

Unpublished Opinion No. 2023-UP-050
Submitted January 1, 2023 – Filed February 8, 2023

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Joseph Maye, both of Columbia, for Respondent.

**PER CURIAM:** Chesnee Labri Mattress appeals her convictions for murder and possession of a weapon during the commission of a violent crime and concurrent sentences of thirty-five years' imprisonment and five years' imprisonment, respectively. On appeal, Mattress argues the trial court erred by (1) failing to

suppress evidence seized pursuant to an unconstitutional search warrant that relied upon information obtained from an illegal search and (2) admitting evidence that was irrelevant and unfairly prejudicial.  We affirm.

1. We hold Mattress has not preserved her argument regarding her cellphone location data and her Fourth Amendment right to privacy.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").  We also hold the trial court did not abuse its discretion by denying the motion to suppress because the search warrant application and supplemental testimony were sufficient to establish probable cause for the magistrate to issue the search warrant.  *See State v. Williams*, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion."); *State v. Philpot*, 317 S.C. 458, 461, 454 S.E.2d 905, 907 (Ct. App. 1995) (explaining that a search warrant affidavit "must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause"); *State v. Weston*, 329 S.C. 287, 290, 494 S.E.2d 801, 802 (1997) ("A search warrant that is insufficient in itself to establish probable cause may be supplemented by sworn oral testimony.").

2. We hold the trial court did not abuse its discretion by admitting evidence seized from Mattress's home pursuant to the search warrant because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See* Rule 401, SCRE (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . .   misleading the jury, . . . or needless presentation of cumulative evidence."); *State v. Gray*, 408 S.C. 601, 616, 759 S.E.2d 160, 168 (Ct. App. 2014) ("All evidence is meant to be prejudicial; it is only *unfair* prejudice which must be [scrutinized under Rule 403]."  (quoting *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998))); *id.* ("Prejudice that is 'unfair' is distinguished from the legitimate impact all evidence has on the outcome of a case.").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.