**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kyle Nicholas Mouzon, Appellant.

Appellate Case No. 2023-001755

---

Appeal From Charleston County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-035
Submitted January 2, 2026 – Filed February 4, 2026

---

**AFFIRMED**

---

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia, for Respondent.

---

**PER CURIAM:** Kyle Nicholas Mouzon appeals his conviction for possession with intent to distribute methamphetamine as well as his sentence of 100 days' imprisonment and two years' probation with substance abuse counseling. On

appeal, Mouzon argues the trial court erred by denying his motion to suppress because officers lacked probable cause for the warrantless search of his vehicle. We affirm pursuant to Rule 220(b), SCACR.

We hold the statements of Mouzon's passenger provided officers with sufficient probable cause for a warrantless vehicle search under the automobile exception. *See State v. Frasier*, 437 S.C. 625, 633-34, 879 S.E.2d 762, 766 (2022) (explaining appellate courts review the trial court's factual findings for "any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review"); *State v. Butler*, 353 S.C. 383, 389, 577 S.E.2d 498, 501 (Ct. App. 2003) ("The stopping of a vehicle and the detention of its occupants constitutes a seizure and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures."); *State v. German*, 439 S.C. 449, 461, 887 S.E.2d 912, 918 (2023) ("A warrantless search is unreasonable per se, unless it falls within a recognized exception to the warrant requirement."); *id.* (noting the "automobile exception" is one of the recognized exceptions to the warrant requirement); *State v. Weaver*, 374 S.C. 313, 320, 649 S.E.2d 479, 482 (2007) ("Pursuant to the automobile exception, if there is probable cause to search a vehicle, a warrant is not necessary so long as the search is based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained."); *State v. Bultron*, 318 S.C. 323, 332, 457 S.E.2d 616, 621 (Ct. App. 1995) (explaining probable cause exists when there is a "practical, nontechnical probability that a crime is being committed or has been committed and incriminating evidence is involved"); *State v. Morris*, 411 S.C. 571, 581, 769 S.E.2d 854, 859 (2015) ("[D]etermining whether an officer has probable cause to conduct a warrantless search depends on the totality of the circumstances."); *State v. Pope*, 410 S.C. 214, 224, 763 S.E.2d 814, 819 (Ct. App. 2014) ("In determining whether the evidence is sufficiently detailed to give rise to probable cause, all the evidence within the arresting officer's knowledge may be considered, including the details observed while responding to information received." (quoting *State v. Roper,* 274 S.C. 14, 17, 260 S.E.2d 705, 706 (1979))); *State v. Driggers,* 322 S.C. 506, 510, 473 S.E.2d 57, 59 (Ct. App. 1996) ("[E]vidence of past reliability is not usually required when information is provided by an eyewitness because, unlike the paid informer, the eyewitness does not ordinarily have the opportunity to establish a record of previous reliability."); *Pope*, 410 S.C. at 224, 763 S.E.2d at 819 ("[A] non-confidential informant should be given a higher level of credibility because he exposes himself to public view and to possible criminal and civil liability should the information he supplied prove to be false." (quoting *Driggers,* 322 S.C. at 511, 473 S.E.2d at 60)); *State v. Bellamy*, 323 S.C. 199, 203-04, 473 S.E.2d 838, 841 (Ct. App. 1996) (stating deficiencies in the veracity of a non-confidential informant

may be overcome by "a strong showing of basis of knowledge or by some other indicia of reliability"), *aff'd*, 336 S.C. 140, 519 S.E.2d 347 (1999); *Bellamy,* 336 S.C. at 145, 519 S.E.2d at 349 ("[E]ven if [courts] entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." (quoting *Illinois v. Gates*, 462 U.S. 213, 234 (1983))).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.