19769

The STATE, Respondent, v. Jimmy B. WILLIAMS, Appellant.

(203 S. E. (2d) 436)

*Kale R. Alexander, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Dudley Saleeby, Jr., Asst. Atty. Gen.,* of Columbia, and *William R. Hare, Sol.,* of Chester, *for Respondent,*

February 11, 1974.

Moss, Chief Justice:

Jimmy B. Williams, the appellant herein was tried and convicted at the 1973 June Term of the Court of General Sessions for Fairfield County, South Carolina, for unlawfully having in his possession 69.7 pounds of marihuana, a controlled substance with intent to distribute the same, in violation of Section 32-1510.49 of the Code. The appellant prosecutes this appeal from his conviction and sentence.

It is the contention of the appellant that the only evidence against him, sufficient to support a conviction, was obtained by virtue of a search warrant issued in violation of Article I, Section 16, of the 1895 Constitution of South Carolina, and the Fourth Amendment to the Constitution of the United States. The appellant challenges the sufficiency of the affidavit for the search warrant on the ground that it was devoid of any proof or showing of probable cause and hence would not support the issuance of a legal search warrant. The appellant argues that the warrant under which the search of his premises was conducted should have been quashed and the evidence obtained as a result thereof suppressed.

Article I, Section 16 of the Constitution of South Carolina, and the Fourth Amendment to the United States Constitution, are identical and read as follows:

"Searches and seizures.—The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized."

Section 17-271 of the 1962 Code of Laws, as amended, provides that a search warrant for unlawful drugs shall be issued upon affidavit establishing the grounds for the war-

rant and sufficient facts must be stated in the affidavit to form the basis of a judgment by the issuing officer that probable cause exists. *State v. York,* 250 S. C. 30, 156 S. E. (2d) 326.

In order to justify the issuance of a search warrant, probable cause must be shown, but the term "probable cause" does not import absolute certainty. In determining whether there is sufficient evidence to sustain a finding of probable cause, each case stands on its own facts. The evidence need not be sufficient to support a conviction, or a verdict of guilty, or to establish guilt beyond a reasonable doubt; nor need the proof be positive, it being enough if it is such as to induce in the mind of the issuing officer an honest belief that the facts set forth exist, or as would lead a man of prudence to believe that the offense has been committed. *State v. Bennett,* 256 S. C. 234, 182 S. E. (2d) 291.

The appellant seeks a reversal of his conviction relying principally on the cases of *Aguilar v. Texas,* 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. (2d) 723, and *Spinelli v. United States,* 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. (2d) 637. The appellant asserts that the affidavit upon which the search warrant was issued insufficient in that it did not state the underlying circumstances constituting probable cause for the issuance of the warrant as required by the test set out in *Aguilar* and later explained and referred to as a "two-pronged test" in *Spinelli.*

In *Aguilar* the test for determining probable cause in those many instances where the affidavit is based solely or substantially upon an informant's tip was set forth as follows: (1) the affidavit must describe some of the underlying circumstances necessary to enable a neutral and detached magistrate to judge the validity of the informer's conclusion that the narcotics were where he claimed they were; (2) the affidavit must describe some of the underlying circumstances from which such magistrate can determine

that the affiant officer's unnamed informant, whose identity need not be disclosed, was credible or his information reliable. In *Spinelli* it was held that in the absence of a statement by the informer detailing the manner in which he gathered his information, it is especially important that he describe the accused's criminal activities in sufficient detail that the magistrate may know that he is acting on something more substantial than a casual rumor circulating in the underworld or the accused's general reputation.

In the *Aguilar* case, a portion of which was quoted in our *York* case, it is said:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 U. S. 257, 80 S. Ct. 725, 4 L. Ed. (2d) 697, 78 A. L. R. (2d) 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States,* 376 U. S. 528, 84 S. Ct. 825, 11 L. Ed. (2d) 887, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' *Giordenello v. United States, supra,* 357 U. S. [480] at 486 [78 S. Ct. 1245, 1250] 2 L. Ed. (2d) [1503] at 1509; *Johnson v. United States, supra,* 333 U. S. [10] at 14 [68 S. Ct. 367, 369] 92 L. Ed. at 440, or, as in this case, by an unidentified informant."

In *United States v. Ventresca,* 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. (2d) 684, cited by Mr. Chief Justice Burger, with approval in *United States v. Harris,* 403 U. S. 573,

91 S. Ct. 2075, 29 L. Ed. (2d) 723, and in our *Bennett* case, it was said:

" 'The Fourth Amendment's commands, like all the constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by the magistrates and courts in a commonsense and realistic fashion. They are normally drafted by the non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.' "

The affidavit for the search warrant in this case was made by one T. E. Clark of the Richland County Sheriff's Narcotics Squad. He avers that he has confidential and reliable information that there is a large quantity of marihuana located in a large two-story unpainted house just off of Highway 34 in the Simpson Community of Fairfield County, and the house is located between that of one Willie Raines and one C. Less Spirwell, and the post office address thereof is Box 193, Route 2, Ridgeway, South Carolina. The persons mentioned as having possession of the marihuana were Jimmy B. Williams and Jaye Hayes. The affiant also avers that the above mentioned persons were known to him as dealers of marihuana. He further says that his confidential and reliable informant knows that there is a large quantity of marihuana stored at the above described location and that the informant knows this because Jimmy B. Williams, the appellant, told him about it and where he had it stored. He further says that the informant talked with the appellant within three days preceding the issuance of the search warrant and was at that time told where the marihuana was.

The trial judge conducted an evidentiary hearing to determine if the search of the house occupied by the appellant and the subsequent seizure of contraband marihuana was in violation of any of his constitutional rights. At this hearing T. E. Clark testified, without objection by the appellant, that when he appeared before the magistrate he was placed under oath by the magistrate and testified that this informant had on a previous occasion given him information as to the location of other marihuana and this information proved to be correct and reliable, resulting in the seizure of such marihuana and the arrest of the person in whose possession it was found.

The magistrate who issued the search warrant was also called as a witness by the State. He testified, without objection by the appellant, that T. E. Clark had given him, under oath, the testimony hereinbefore stated. The magistrate testified that he found that the informant's statement to the affiant was reliable and credible and based thereon found probable cause for the issuance of this search warrant.

The sworn testimony given by the witness Clark to the magistrate, prior to the issuance of the search warrant, advised him of the underlying circumstances indicating that the informant was reliable and credible. Accordingly, the magistrate found probable cause for the issuance of the search warrant.

The appellant never objected to the propriety of the magistrate's consideration of the sworn statements of the witness Clark in arriving at his conclusion that probable cause existed. On the contrary, counsel for the appellant extensively cross-examined the witness Clark and the magistrate about the statements made under oath without reserving any objection to the testimony. It follows that the question of the use of sworn oral statements in support of probable cause for the search warant is not probable before this Court. The rule is well established that if asserted errors are not presented to the lower court the

question cannot be raised for the first time on appeal. *State v. White,* 253 S. C. 475, 171 S. E. (2d) 712.

The record shows that the affiant, officer Clark, knew the informant well and had had previous dealings with him, and his past experience showed the informant to be reliable. All such facts were furnished to the magistrate on oath either in the affidavit or by sworn oral testimony. Since the appellant did not voice any objection in the court below to the sworn oral testimony supporting the magistrate's finding of probable cause, this question is not properly before us for consideration. In view of the lack of objection on the part of the appellant, it is unnecessary for us to determine whether the magistrate was limited, in determining probable cause, to the written affidavit taken under oath.

We hold that the affidavit and the supporting testimony heard by the issuing magistrate together was sufficient to support a finding of probable cause to issue the search warrant, and therefore the appellant's motion to exclude the evidence gained as a result of that search was properly denied.

The exceptions of the appellant are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.