20319

The STATE, Respondent, v. John L. SULLIVAN, III. Appellant.

(230 S. E. (2d) 621)

612

*Messrs. William & Williams,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Randolph R. Mahan, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

December 2, 1976.

Ness, Justice:

Appellant was convicted of possession with intent to distribute marijuana and sentenced to five years imprisonment. At the outset the appellant challenges the sufficiency of the affidavit in support of the search warrant. We find no error and affirm.

The pertinent part of the affidavit supporting the search warrant contains the following language:

"Manager of apartments Anne Dyke saw a large quantity of plant material, plastic bags and small scales in this apartment and detected a strong odor peculiar to her.

"Anne Dyke is believable because she is known to deponent to be a business woman and a truthful person."

A subsequent search of appellant's premises disclosed forty-six pounds of marijuana and other articles described in the affidavit.

The undisputed facts establish that the contraband was discovered in appellant's apartment by the manager and the maintenance man who entered the apartment to turn on the utilities. The manager informed the owner of the complex who called the sheriff. Officers, Hood, Whaley and Moultrie were sent to investigate. Officers Hood and Whaley interviewed the owner of the apartments while Officer Moultrie questioned the manager, Anne Dyke. After conferring, Officer Moultrie stayed to observe the apartment while Officers Hood and Whaley sought a search warrant.

Appellant's assertion of insufficiency of the affidavit can be capsuled into three specifics: (1) utilization of multiple hearsay; (2) failure to establish the credibility of the informer; (3) the illegitimacy of the detached determination of probable cause.

It is uncontroverted that an affidavit can show probable cause even when based on hearsay statements under the rule enunciated in *Aguilar v. Texas,* 378

U. S. 108, 114, 84 S. Ct. 1509, 1514, 12 L. Ed. (2d) 723 (1964), as follows:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 U. S. 257, 80 S. Ct. 725, 4 L. Ed. 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable.' " Also see *United States v. Harris,* 403 U. S. 573, 91 S. Ct. 2075, 29 L. Ed. (2d) 723 (1971); *State v. Sachs,* 264 S. C. 541, 216 S. E. (2d) 501 (1975).

Officer Hood related information to the magistrate which was obtained through a joint investigation.

The propriety of an affiant attesting to information supplied him by a fellow officer has been judicially endorsed. See *United States v. Welebir,* 498 F. (2d) 346 (4th Cir. 1974), and cases cited therein.

It is not unusual for an affidavit of a law enforcement officer to contain hearsay information from another, which, in turn, is based on other information gathered by that person. *Spinelli v. United States,* 393 U. S. 410, 416, 89 S. Ct. 584, 21 L. Ed. (2d) 637 (1969) discussing *Draper v. United States,* 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. (2d) 327 (1959). Hence, when a magistrate receives an affidavit which contains hearsay upon hearsay, he need not categorically reject this double hearsay information. Rather, he is called upon to evaluate this information as well as all other information in the affidavit in order to determine whether it can be reasonably inferred "that the informant had gained his information in a reliable way." *Spinelli, supra,* 393 U. S. at 417, 89 S. Ct. at 589. The magistrate must canvass the affidavit and the information as a whole and measure it against Aguilar standards

in order to assess its probative value. The *Aguilar* requirements must be weighed with the added analysis of *Spinelli*, *State v. Williams*, 262 S. C. 186, 203 S. E. (2d) 436 (1974), cert. denied, 419 U. S. 835, 95 S. Ct. 61, 42 L. Ed. (2d) 61 (1974).

Recent constriction of the required establishment of credibility of the informer is evidenced by the exclusion of identified bystanders or victim-eyewitnesses to a crime from the strictures of *Aguilar and Spinelli. United, States v. Bell*, 457 F. (2d) 1231 (5th Cir. 1972). Specificity of information accompanied by absence of ulterior motives has been held sufficient to constitute reliability. *United States v. Unger*, 469 F. (2d) 1283 (7th Cir. 1972), cert. denied 411 U. S. 920, 93 S. Ct. 1546, 36 L. Ed. (2d) 313 (1973). Furthermore, not only have citizen informers been distinguished from paid informers but it has been held that affidavits which fail to fully meet the Aguilar tests "may be sufficient if circumstances show that it is likely to be as reliable as one which does meet the tests. *Spinelli v. United States*, 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. (2d) 637 (1969)." *United States v. Spach*, 518 F. (2d) 866, 869 (7th Cir. 1975); *State v. Houlf*, 20 Cr. L. 2102 (Ariz. Ct. App. 9/16/76).

The affidavit in this case clearly justified the issuance of the warrant under these tests. Specific and detailed information from personal deservation was relayed to the magistrate. The informer was not motivated by financial remuneration but acted as a concerned citizen. Not only was she named, but her described position as manager of the apartments indicated a supervisory capacity which could enhance both opportunity and reliability of her observation of those units for which she was personally responsible. There was no evidence that the information was supplied due to self-serving motives or rancor. In fact, her actions were against her best business interests as a forfeiture of the tenants of this apartment was inevitable. While

perhaps no one of these factors independently could have been dispositive, the totality of all these circumstances certainly satisfies the credibility prong. *United States v. Spach, supra; State v. Houlf, supra.*

Affidavits are not meticulously drawn by lawyers and they should therefore be viewed in a "common sense and realistic fashion." *United States v. Ventresca,* 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. (2d) 684 (1965) ; *State v. Williams, supra.* Search warrants are constitutionally preferred and in determining whether they should issue, magistrates are concerned with probabilities and not certainties. *United States v. Jenkins,* 525 F. (2d) 819 (6th Cir. 1975) ; *State v. Williams, supra.* We are also mindful that a magistrate's determination of probable cause should be paid great deference by the reviewing court. *U. S. v. Jones, supra.*

The magistrate was apprised that the manager personally observed a large quantity of plant material, plastic bags, small scales, and a peculiar odor within an apartment. The sense of smell and identification of unique packaging have been held sufficient *indicia* of probable cause. See *e.g. United States v. Pond,* 523 F. (2d) 210 (2nd Cir. 1975), cert. denied, 423 U. S. 1058, 96 S. Ct. 794, 46 L. Ed. (2d) 649 (1976) ; *State v. Fellows,* 109 Ariz. 454, 511 P. (2d) 636 (1973). These underlying circumstances of specific identification and description of suspect material and paraphernalia by a reliable citizen viewed in a common sense fashion establishes probable cause for the issuance of the warrant.

We would be amiss to strain the constitutional technical mandates beyond the parameters of reasonability. Such would be the result should we require the positive identification in the affidavit of the contraband as marijuana. We hold that the affidavit established probable cause for the search under the two pronged test of *Aguilar v. Texas, supra.*

Appellant next asserts abuse of the trial court's discretion in considering two prior city court fines for marijuana violations at sentencing. He contends, as he did at sentencing, that the city court had no jurisdiction to impose the fines. Appellant did not appeal from these prior convictions and did not deny the guilty pleas he interposed. Appellant had the opportunity to explain any discrepancies and the sentencing judge has the obligation to consider information material to punishment. *State v. Franklin*, S. C., 226 S. E. (2d) 896 (1976).

Exception number seven was abandoned and all other exceptions after due consideration by this Court are without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.