THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
James McKinney,       
Appellant.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2003-UP-024
Submitted October 22, 2002  Filed January 
 8, 2003

AFFIRMED

 
 
 
Chief Appellate Defender Daniel T. Stacey, of Columbia, for 
 appellant.
Attorney General Charles M. Condon, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson; 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and 
 Solicitor Harold W. Gowdy, III, of Spartanburg, for respondent.
 
 
 

 PER CURIAM:  Affirmed pursuant to Rule 
 220(b)(2), SCACR, and the following authorities:  As to Issues I and II: State 
 v. Bellamy, 336 S.C. 140, 144, 519 S.E.2d 347, 349 (1999) (holding this 
 Courts task is to decide whether the magistrate had a substantial basis for 
 concluding that probable cause existed); Illinois v. Gates, 462 U.S. 
 213, 238-39 (1983) ([T]he duty of the reviewing court is simply to ensure that 
 the magistrate had a substantial basis for concluding that probable cause existed.); 
 State v. Sullivan, 267 S.C. 610, 617, 230 S.E.2d 621, 624 (1976) (holding 
 a reviewing court should accord deference to the magistrates determination 
 of probable cause); State v. Bennett, 256 S.C. 234, 241 182 S.E.2d 291, 
 294 (1971) (holding doubtful or marginal cases should be resolved in favor of 
 upholding the warrant); see Gates, 462 U.S. at 236 (holding the 
 Fourth Amendment evidences a strong preference for searches conducted pursuant 
 to a warrant); Bellamy, 336 S.C. at 143, 519 S.E.2d at 348 (holding 
 a magistrate may issue a warrant only upon a finding of probable cause); Id. 
 (quoting Gates, 462 U.S. at 238) (holding the determination of probable 
 cause requires the magistrate to make a practical, common-sense decision whether, 
 given all the circumstances set forth in the affidavit before him, including 
 the veracity and basis of knowledge of persons supplying hearsay information, 
 there is a fair probability that contraband or evidence of a crime will be found 
 in a particular place).
As to Issue II: State v. Dupree, 319 S.C. 454, 459, 
 462 S.E.2d 279, 282 (1995) (quoting Schmerber v. California, 384 U.S. 
 757, 769-70 (1966)) (holding a search authorizing bodily intrusion requires 
 a clear indication that in fact evidence would be found in addition to probable 
 cause).
AFFIRMED. [1] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 
 [1] Because oral argument would not aid the Court in resolving 
 any issue on appeal, we decide this case without oral argument pursuant to 
 Rule 215 and 220(b)(2), SCACR.