758 S.E.2d 717

**The STATE, Respondent,**

**v.**

**Alton Wesley GORE, Jr., Appellant.**

Appellate Case No. 2012–206368.

No. 5214.

Court of Appeals of South Carolina.

Heard Dec. 10, 2013.

Decided April 2, 2014.

Rehearing Denied June 19, 2014.

240

Nicole Nicolette Mace, of the Mace Law Firm, and Amy Kristan Raffaldt, both of Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, of Columbia, for Respondent.

WILLIAMS, J.

In this criminal appeal, Alton Gore appeals his conviction for trafficking cocaine, arguing the circuit court erred when it (1) denied Gore's motion to challenge the veracity of the search warrant affidavit pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); (2) improperly admitted certain photographs into evidence; and (3) failed to charge the jury on the lesser-included offense of simple possession. We affirm.

**FACTS/PROCEDURAL HISTORY**

On February 28, 2010, Detective Jesse Ard of the Horry County Police Department drafted a search warrant affidavit based on suspected criminal activity at 309 Junco Circle in Longs, South Carolina. Detective Ard supported the affidavit with the following probable cause allegations:

A confidential and reliable informant made a buy for cocaine out of the residence while being recorded and monitored by agents in the area. Also within the last seventy-two hours agents followed [Gore] from the residence to another location and were able to monitor and record another buy for a quantity of cocaine.

The magistrate issued a search warrant, and evidence suggesting drug activity was retrieved from the residence at Junco Circle. Gore was subsequently indicted for trafficking

cocaine in an amount between two hundred and four hundred grams.[1]

Prior to trial, Gore moved for an evidentiary hearing pursuant to *Franks v. Delaware*,[2] arguing the probable cause allegations used to support the search warrant were deliberately false or misleading. As a result, Gore contended the search warrant affidavit was insufficient to support probable cause. Gore claimed law enforcement improperly drafted the affidavit. He argued the affidavit suggested a controlled drug purchase had been executed at Gore's residence within seventy-two hours of seeking a search warrant when the purchase occurred seven months prior to the execution of the search warrant. He also contended the omission of the date and time of the alleged criminal activity was in violation of *State v. Winborne*.[3]

In response, the State claimed the officers told the magistrate the dates and times of the alleged drug transactions. The State also argued because it was a lengthy investigation, the second drug transaction was a "refresher buy" that would allow the officers to meet the close time and proximity requirements for the search warrant. Detective Ard testified at the hearing and corroborated the State's argument. In response to being asked about the omission of the date and time, Detective Ard stated it was common to omit this information to protect informants' identities and testified repeatedly that the magistrate was informed of all the facts, circumstances, and dates surrounding the procurement of the search warrant.

The circuit court denied Gore's motion for an evidentiary hearing pursuant to *Franks*, finding the affidavit was not false or misleading and was supported by probable cause. Based

---

1. S.C.Code Ann. § 44–53–370(e)(2)(d) (2002) (outlining the offense of trafficking in cocaine in an amount between two hundred and four hundred grams).

2. 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

3. In *State v. Winborne*, the supreme court held that for a search warrant affidavit to show probable cause, it must state facts so closely related to the time of the issuance of the warrant that a probable cause finding can be justified. 273 S.C. 62, 64, 254 S.E.2d 297, 298 (1979). The supreme court concluded an affidavit that fails to state when the alleged facts transpired is insufficient. *Id.*

on the information in the affidavit and the officer's testimony, the circuit court held there was "a fair probability that evidence of a crime would be found on the particular place to be searched." Because Gore failed to make the requisite preliminary showing, the court determined the first prong of the *Franks* test was not met and there was no need to evaluate the sufficiency of the remaining portions of the affidavit.

A jury trial was held on January 5, 2012. At trial, the State sought to introduce two photographs of Gore found in the master bedroom. One of the investigating officers, Detective Mark Cooper, identified the photos and stated, "There was [sic] two photos of the defendant, I believe he had some money in his hand or something like that, he squatted down or something." Defense counsel immediately objected.

Outside the jury's presence, Gore argued the photos were irrelevant and highly prejudicial. In response, the State contended the photographs were relevant to prove Gore was a resident of the house. The circuit court agreed with the State and instructed the jury that the pictures were introduced "only for the purposes of the testimony alleging that they were found on the premises and for no other purposes." The pictures were introduced into evidence. Detective Cooper testified the pictures were found on the dresser in the master bedroom and the male in the photographs was Gore.

Detective Ard also testified at trial. On the day of Gore's arrest, Detective Ard observed Gore and his girlfriend leave in two separate vehicles from 309 Junco Circle. Detective Ard stated Gore and his girlfriend were unaccompanied when they left the residence and Gore was alone when he was subsequently arrested for an unrelated traffic incident. He stated they maintained visual contact with Gore from the time he departed the residence until he was stopped by police. Detective Ard confirmed that two handguns and a large quantity of cocaine were seized from the residence later that day.

After hearing from other witnesses for the State and Gore, the circuit court charged the jury on trafficking in cocaine in the amount of two hundred to four hundred grams. The jury found Gore guilty as charged. The circuit court sentenced Gore to twenty-five years imprisonment and fined him $100,000. This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err in denying Gore's motion to challenge the veracity of the search warrant affidavit pursuant to *Franks v. Delaware* ?

2. Did the circuit court err in admitting two photographs of Gore holding large sums of United States currency?

3. Did the circuit court err in failing to charge the jury on the lesser-included offense of simple possession?

## LAW/ANALYSIS

### 1. Search Warrant Affidavit

Gore first contends the circuit court erred in denying his motion to challenge the veracity of the search warrant pursuant to *Franks v. Delaware.* Alternatively, even if the circuit court properly denied his motion, Gore contends the search warrant was insufficient to establish probable cause. We disagree.

In *Franks v. Delaware,* the United States Supreme Court held that the Fourth and Fourteenth Amendments give an accused the right in certain circumstances to challenge the veracity of a search warrant affidavit after the warrant has been issued and executed. *State v. Missouri,* 337 S.C. 548, 553, 524 S.E.2d 394, 396 (1999). This challenge may be based on false information being included in the search warrant affidavit or exculpatory material being omitted from the affidavit. *Id.* at 554, 524 S.E.2d at 397.

■ *Franks* outlined a two-prong test for challenging the veracity of a search warrant affidavit. *Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674. First, to mandate an evidentiary hearing, there must be "allegations of deliberate falsehood or of reckless disregard for the truth [as to statements included in the warrant affidavit], and those allegations must be accompanied by an offer of proof." *Id.* at 171, 98 S.Ct. 2674. At the hearing, the accused has the burden of proving the allegations of perjury or reckless disregard for the truth by a preponderance of the evidence. *Id.* at 156, 98 S.Ct. 2674; *see State v. Jones,* 342 S.C. 121, 127, 536 S.E.2d 675, 678 (2000) (holding a defendant is entitled to challenge misstatements in a warrant affidavit if the following criteria are met: "(1) the defendant's

attack is more than conclusory and is supported by more than a mere desire to cross-examine; (2) the defendant makes allegations of deliberate falsehood or of reckless disregard for the truth which are accompanied by an offer of proof; and, (3) the affiant has made the allegedly false or reckless statement").

■ Second, if a deliberate falsehood or a reckless disregard for the truth has been established, the court must exclude the false material and consider the remainder of the affidavit to determine if it is sufficient to establish probable cause. *State v. Davis*, 354 S.C. 348, 360, 580 S.E.2d 778, 784 (Ct.App.2003). If the court determines no probable cause exists after the false material is omitted from the analysis, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* (citing *Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674); *see Missouri*, 337 S.C. at 553–54, 524 S.E.2d at 396–97 (adopting the two-prong Franks test).

In the instant case, Gore challenges the sufficiency of the search warrant affidavit based on: (1) Detective Ard's failure to include a date and time for the first purchase of cocaine at the residence; and (2) Detective Ard's misrepresentation that the first purchase of cocaine occurred within seventy-two hours of the date of the search warrant affidavit.

■ We agree with Gore's argument that the first allegation in the affidavit improperly omitted the date and time of the drug transaction. The statement reads: "A confidential and reliable informant made a buy for cocaine out of the residence while being recorded and monitored by agents in the area." This phrase indicates only that a controlled buy was made at the residence on at least one occasion in the past. It gives no indication of how long ago the transaction occurred, which the supreme court in *Winborne* held is necessary to establish probable cause for a search warrant. *See Winborne*, 273 S.C. at 64, 254 S.E.2d at 298 ("An affidavit which fails altogether to state the time of the occurrence of the facts alleged is insufficient.").

■ This omission, however, does not *per se* invalidate the search warrant. Rather, Gore must make a preliminary

showing that Detective Ard included a deliberate falsehood or recklessly disregarded the truth in an effort to make the affidavit misleading to the magistrate. *See Missouri,* 337 S.C. at 554, 524 S.E.2d at 398 ("To be entitled to a *Franks* hearing for an alleged omission, the challenger must make a preliminary showing that the information in question was omitted with the intent to make, or in reckless disregard of whether it made, the affidavit misleading to the issuing judge."). Although Gore claims this omission is evidence of a reckless disregard for the truth, we find Detective Ard's sworn testimony is evidence to the contrary. *See Jones,* 342 S.C. at 129, 536 S.E.2d at 679 (holding oral information may be used by an affiant to supplement or to amend incorrect information in an affidavit which was not knowingly, intentionally, or recklessly supplied by the affiant).

Detective Ard testified under oath that he supplemented the affidavit with oral testimony and specifically stated the dates of the controlled buys when seeking the search warrant. *See id.* at 128, 536 S.E.2d at 678–79 ("Oral testimony may also be used in this state to supplement search warrant affidavits which are facially insufficient to establish probable cause."). When asked why he omitted this information, Detective Ard stated it was "common practice" to omit the specific date, time of the buy, or the amount of the drugs in the written affidavit portion of the warrant to protect the confidential informant's identity. Because of this omission, Detective Ard testified, "We made [the magistrate] painfully aware of the fact that there was a length of time from one buy from the house to our most recent buy ... that we were unable to get inside the house, actually make a buy from inside the house, but we were able to observe [Gore] leave his residence, kept him under constant surveillance the entire trip to the empty ... lot where the buy was made...." We find Detective Ard's statements to the magistrate properly supplemented this portion of the affidavit.

■ We also address Gore's claim that the second probable cause allegation was intentionally misleading because the use of "also" indicated the first buy occurred within seventy-two hours of the affidavit's execution. This allegation states, "Also within the last seventy-two hours agents followed [Gore] from the residence to another location and were able to monitor and

record another buy for a quantity of cocaine." While we agree that this sentence could have been more artfully drafted, we disagree with Gore's argument that it was deliberately misleading. It is uncontested that officers followed and observed Gore selling drugs within seventy-two hours of the affidavit's execution. Further, any confusion over the timing of these drug transactions was clarified by Detective Ard when he sought the search warrant. Because neither of these probable cause allegations were false, we find Gore failed to satisfy the first prong of the *Franks* test. As such, we affirm the circuit court's decision to deny Gore's motion pursuant to *Franks v. Delaware.*

Next, Gore contends that even if the allegations in the search warrant were credible, the magistrate did not have a substantial basis to conclude probable cause existed. We disagree.

An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed. *State v. King,* 349 S.C. 142, 149, 561 S.E.2d 640, 643 (Ct.App.2002). This review, like the determination by the magistrate, is governed by the "totality of the circumstances" test. *Jones,* 342 S.C. at 126, 536 S.E.2d at 678. The appellate court should give great deference to a magistrate's determination of probable cause. *Id.*

We are mindful on review that affidavits are not meticulously drawn by lawyers, but are normally drafted by non-lawyers in the haste of a criminal investigation, and should therefore be viewed in " 'a common sense and realistic fashion.' " *State v. Sullivan,* 267 S.C. 610, 617, 230 S.E.2d 621, 624 (1976). Our task is to decide whether the magistrate had a substantial basis for concluding probable cause existed. *State v. Adolphe,* 314 S.C. 89, 92, 441 S.E.2d 832, 833 (Ct.App.1994).

"The affidavit must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause." *State v. Philpot,* 317 S.C. 458, 461, 454 S.E.2d 905, 907 (Ct.App.1995). The magistrate should make a probable cause determination based on all of the information available to the magistrate when the warrant was issued. *State v. Driggers,* 322 S.C. 506, 510, 473 S.E.2d

57, 59 (Ct.App.1996). In determining the validity of the warrant, a reviewing court may consider only information brought to the magistrate's attention. *State v. Gentile*, 373 S.C. 506, 513–14, 646 S.E.2d 171, 174 (Ct.App.2007).

 We find the search warrant affidavit contains sufficient facts to support the magistrate's probable cause determination. We acknowledge the second drug transaction did not occur inside the residence. However, we believe the circumstances surrounding the second drug transaction provided a sufficient nexus to the residence to justify a search warrant. Specifically, Detective Ard testified the officers observed only Gore and his girlfriend at the residence the morning of Gore's arrest. Further, he stated that Gore drove alone from the residence and went directly to the location where the drug transaction occurred. *See State v. Scott*, 303 S.C. 360, 362–63, 400 S.E.2d 784, 785–86 (Ct.App.1991) (upholding subsequent search warrant of defendant's home when affidavit stated officers had visual contact with defendant from time he left his residence until the time of the traffic stop and drugs were uncovered on defendant at stop). In addition, the magistrate was aware Gore had participated in a drug transaction inside the residence within the last seven months. *See id.* at 363, 400 S.E.2d at 786 ("In the case of drug dealers, evidence is likely to be found where the dealers live." (citing *U.S. v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986))). We find the earlier drug transaction at the residence coupled with this drug transaction demonstrate a pattern of ongoing illegal activity. *See King*, 349 S.C. at 151, 561 S.E.2d at 644 (finding confidential informant's previous reliability with law enforcement and first-hand knowledge of prior drug transactions at residence were sufficient to establish probable cause for search warrant). Accordingly, we hold the totality of circumstances provided a sufficient nexus to the residence to establish probable cause for the search warrant. *See State v. Dupree*, 354 S.C. 676, 685, 583 S.E.2d 437, 442 (Ct.App.2003) ("The magistrate's task in determining whether to issue a search warrant is to make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will

be found in the particular place to be searched." (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983))). Given the affidavit and the supporting oral testimony, we conclude there was a substantial basis for concluding probable cause existed to issue a search warrant.

## 2. Admission of Photographs

 Next, Gore contends the circuit court erred in admitting two photographs, which depicted him holding large sums of United States currency. We agree with Gore but find this error to be harmless.

"The relevance, materiality and admissibility of photographs are matters within the sound discretion of the [circuit] court and a ruling will be disturbed only upon a showing of an abuse of discretion." *State v. Rosemond*, 335 S.C. 593, 596, 518 S.E.2d 588, 589–90 (1999). Even if evidence is improperly admitted, the admission must be prejudicial to warrant reversal. *See State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (holding the improper admission of evidence is reversible error only when the admission causes prejudice).

At trial, the State sought to introduce two photographs of Gore, which were found in the master bedroom when the officers searched the residence. In the photographs, Gore was squatting down and displaying large sums of United States currency in his hands and on the ground in front of him. Gore objected at trial and argued these photographs were irrelevant and unduly prejudicial.[4] In support of that argument, Gore claims these photographs were not taken inside the residence, there were other seized photographs of Gore in the residence that were not prejudicial, and the photographs invited the jury to infer criminal disposition. We agree and find these photos were unnecessary to link Gore to the residence, particularly when other photographs in evidence accomplished this purpose and several other witnesses testified Gore lived at the residence. *See State v. Brazell*, 325 S.C. 65, 78, 480 S.E.2d 64, 72 (1997) ("Photographs calculated to arouse the sympathy or prejudice of the jury should be

---

4. The State argues Gore failed to object when Detective Cooper described the two photographs. We disagree and find defense counsel timely objected.

excluded if they are irrelevant or not necessary to substantiate material facts or conditions.").

However, we find the admission of these photographs to be harmless error in light of the overwhelming evidence of Gore's guilt. *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (holding an insubstantial error not affecting the result of the trial is harmless when "guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached"). Several police officers testified that based on their observations during the investigation, Gore lived at 309 Junco Circle. His former girlfriend testified he lived at 309 Junco Circle and only Gore possessed a key to the residence. An employee from the Horry County Clerk of Court's office stated Gore's address on his bond documents was listed as 309 Junco Circle. Further, the State established that the white-powder substance seized from 309 Junco Circle was cocaine. We find this evidence overwhelmingly established Gore's guilt. As a result, Gore's conviction should not be set aside based on the admission of these photographs. *See State v. Sherard*, 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991) (stating that appellate courts will not generally set aside convictions due to insubstantial errors not affecting the result).

### 3. Jury Charge on Simple Possession

Last, Gore claims the circuit court erred in denying his request to charge the jury on the lesser-included offense of simple possession. We disagree.

The circuit court must charge a jury on a lesser-included offense if evidence exists from which it could be inferred that a defendant committed the lesser offense rather than the greater offense. *State v. Drafts*, 288 S.C. 30, 32, 340 S.E.2d 784, 785 (1986). Nevertheless, due process requires that a lesser-included offense instruction be given only when the evidence warrants the instruction. *Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982). "The mere contention that the jury might accept the State's evidence in part and reject it in part is insufficient to satisfy the requirement that some evidence tend to show the defendant

was guilty of only the lesser offense." *State v. Geiger*, 370 S.C. 600, 608, 635 S.E.2d 669, 674 (Ct.App.2006).

Gore argues the circuit court erred in denying his request to charge the jury on simple possession because cocaine residue was found underneath a mattress in the guest bedroom of the residence. Because the larger amount of cocaine was discovered in the master bedroom, and Gore contended the residence belonged to his girlfriend, a jury could have determined Gore only had constructive possession over the items, including the cocaine residue, in the guest bedroom. As a result, Gore claims the jury could have concluded he did not possess the requisite amount of cocaine required for the trafficking charge.

We find the circuit court properly charged the jury. Although Gore claims the jury could have concluded he was not a resident of the house and only slept in the guest bedroom as a visitor, the overwhelming and undisputed evidence indicates otherwise. As noted above, several witnesses testified Gore lived at the residence. Although Gore argued his girlfriend lived there, evidence was submitted that she maintained her own residence in North Carolina at all pertinent times. Furthermore, no evidence placed Gore in the guest bedroom of the residence. Gore's girlfriend testified the guest bedroom was actually his daughter's bedroom, and one of the officers stated it appeared to be a "child's bedroom or a spare bedroom of some kind." Significantly, the master bedroom, where the larger amount of cocaine was hidden, contained all men's clothing as well as several framed pictures of Gore. Therefore, we find the evidence did not support a charge of simple possession and affirm the circuit court on this issue. *See State v. Grandy*, 306 S.C. 224, 226, 411 S.E.2d 207, 208 (1991) (finding the circuit court properly denied defendant's request to charge the lesser-included offense of possession with intent to distribute when the undisputed evidence showed the amount of cocaine in defendant's possession exceeded the quantity required to invoke the trafficking statute).

## CONCLUSION

Based on the foregoing, Gore's conviction is

**AFFIRMED.**

SHORT and LOCKEMY, JJ., concur.