**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher E. Russell, Appellant.

Appellate Case No. 2013-000381

———————————

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-435
Heard March 2, 2015 – Filed August 19, 2015

———————————

**AFFIRMED**

———————————

David Bryant Morgen, of Saratoga Springs, NY; Chief
Appellate Defender Robert Michael Dudek, and
Appellate Defender Laura Ruth Baer, both of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General Mark Reynolds Farthing, and Assistant
Attorney General Jennifer Ellis Roberts, all of Columbia;
and Solicitor William Walter Wilkins, III, of Greenville,
for Respondent.

———————————

**PER CURIAM:**  Christopher E. Russell (Russell) appeals his convictions for conspiracy, kidnapping, armed robbery, and first-degree burglary, arguing the circuit court erred in (1) allowing the rebuttal testimony of the courtroom deputy; (2) denying Russell's motion to suppress evidence; and (3) denying Russell's motion for a mistrial after the solicitor challenged the defendant's alibi defense during closing argument.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in allowing the rebuttal testimony of the courtroom deputy: *Gause v. Smithers*, 403 S.C. 140, 151, 742 S.E.2d 644, 650 (2013) (holding that an "issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review"); *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice.") (citations omitted)).

2.      As to whether the circuit court erred in denying Russell's motion to suppress evidence obtained pursuant to a search warrant that allegedly contained false information: *State v. Taylor*, 401 S.C. 104, 108, 736 S.E.2d 663, 665 (2013) ("A trial court's Fourth Amendment suppression ruling must be affirmed if supported by any evidence, and an appellate court may reverse only when there is clear error."); *State v. Gore*, 408 S.C. 237, 247, 758 S.E.2d 717, 722 (Ct. App. 2014), *cert. granted* (Jan. 16, 2015) ("An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed.  This review, like the determination by the magistrate, is governed by the 'totality of the circumstances' test.  The appellate court should give great deference to a magistrate's determination of probable cause.") (citations omitted)).

3.      As to whether the circuit court erred in denying Russell's motion for a mistrial after the State challenged Russell's alibi defense during closing arguments: *Vasquez v. State*, 388 S.C. 447, 458, 698 S.E.2d 561, 566 (2010) ("'On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial judge's instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt.'  'Improper comments do not automatically

require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument.'") (citations omitted)).

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**