**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dennis Demario OBrian Kennedy, Appellant.

Appellate Case No. 2016-002538

―――――――――

Appeal From York County
John C. Hayes, III, Circuit Court Judge,

―――――――――

Unpublished Opinion No. 2020-UP-226
Submitted February 18, 2020 – Filed July 29, 2020

―――――――――

**AFFIRMED**

―――――――――

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor Kevin Scott Brackett, of York, all for Respondent.

―――――――――

**PER CURIAM:** In 2016, a York County jury found Dennis Kennedy (Appellant) guilty of trafficking in cocaine, possession with intent to distribute cocaine, and

possession of a weapon during the commission of a violent crime. The trial court sentenced Appellant to fifteen years' imprisonment. This appeal followed

Appellant contends the trial court erred in denying his motion to suppress items seized during the execution of the search warrant. "An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed." *State v. Gore*, 408 S.C. 237, 247, 758 S.E.2d 717, 722 (Ct. App. 2014).

"A defendant has a right to challenge misstatements in a search warrant affidavit." *State v. Jones*, 342 S.C. 121, 126, 536 S.E.2d 675, 678 (2000) (citing *Franks v. Delaware*, 438 U.S. 154 (1978)). Offers of proof of deliberate falsehoods "should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." *Franks*, 438 U.S. at 171. Here, we find Appellant did not offer proof of a deliberate falsehood or reckless disregard for the truth as mandated by *Franks*.

When reviewing a magistrate's decision to issue a search warrant, the court must consider the totality of the circumstances. *See State v. Missouri*, 337 S.C. 548, 555, 524 S.E.2d 394, 397 (1999) (citing *Illinois v. Gates*, 462 U.S. 213 (1983)). Although great deference must be given to a magistrate's conclusions, a magistrate may only issue a search warrant when a substantial basis exists for probable cause. *See State v. Bellamy*, 336 S.C. 140, 144, 519 S.E.2d 347, 349 (1999). "The veracity and the basis of knowledge of persons supplying the information in a search-warrant affidavit are considerations in the determination of whether there is probable cause to issue a search warrant." *State v. Robinson*, 415 S.C. 600, 605, 785 S.E.2d 355, 357 (2016).

Under the totality of the circumstances, we find probable cause supports the issuance of the search warrant. The magistrate relied on the sworn testimony of a law enforcement officer with a basis of firsthand knowledge of a drug buy when issuing the warrant. "If the controlled buy was properly conducted, it alone can provide facts sufficient to establish probable cause for a search warrant." *State v. Dupree*, 354 S.C. 676, 689, 583 S.E.2d 437, 444 (Ct. App. 2003). Where the affidavit is based in part on information provided by an informant of unknown reliability, police corroboration of details provided in the tip may establish probable cause. *See Gates*, 462 U.S. at 242.

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.