**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joe Lewis Busby, Appellant.

Appellate Case No. 2019-001796

―――――――――――

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-401
Submitted October 1, 2022 – Filed November 9, 2022

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Joe Lewis Busby appeals his reckless driving conviction and sentence of eight years' imprisonment. On appeal, Busby argues the trial court erred by failing to suppress evidence obtained pursuant to a search warrant that

lacked probable cause. Additionally, he argues the error of its admission was not harmless. We affirm.

We hold the trial court did not err by denying Busby's motion to suppress the Airbag Control Module (ACM) data that was seized via the search warrant for his truck because Investigator Calvin Shumard informed the magistrate about the crimes he believed had been committed and would be supported by the evidence sought via the search warrant. *See State v. Dupree*, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003) ("The appellate court should give great deference to a magistrate's determination of probable cause."); *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (explaining a magistrate's task is to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place"). Although Busby argues the magistrate was unable to determine the veracity of the source of Investigator Shumard's information, our law does not require a magistrate to evaluate the veracity of statements made by other investigating officers. *See State v. Sullivan,* 267 S.C. 610, 615, 230 S.E.2d 621, 623 (1976) ("The propriety of an affiant attesting to information supplied him by a fellow officer has been judicially endorsed."). Moreover, we find section 17-13-140 of the South Carolina Code (2014) was complied with because Investigator Shumard informed the magistrate that he believed the search warrant would provide evidence tending to support the crimes of failure to yield, crossing the center line, and reckless driving. *See* § 17-13-140 ("Any magistrate . . . of any court of record of the State having jurisdiction over the area where the property sought is located, may issue a search warrant to search for and seize . . . (4) property constituting evidence of a crime or tending to show that a particular person committed a criminal offense.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.